**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LOUISA POPE-HUNT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| STELLAR RECOVERY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S COMPLAINT

Plaintiff, LOUISA POPE-HUNT (Plaintiff), through her attorney, AGRUSS LAW FIRM, LLC, alleges the following against Defendant, STELLAR RECOVERY, INC., (Defendant):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §1331 and 15 U.S.C. §1692k (FDCPA).

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

5. Plaintiff is a natural person residing in Glendale Heights, DuPage County, Illinois.

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).

7. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6).

9. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a collection agency located in Kalispell, Flathead County, Montana.

11. Defendant is a business entity engaged in the collection of debt within the State of Illinois.

12. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

13. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

14. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

15. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

16. Defendant is attempting to collect an alleged consumer debt from Plaintiff.

17. The alleged debt owed arises from transactions for personal, family, and household purposes.

18. In or around August 29, 2014, Defendant began placing collection calls to Plaintiff on Plaintiff's home telephone number at 630-790-17XX.

19. Defendant calls Plaintiff from 630-405-7983 and 877-236-5791 which are two of Defendant's phone numbers.

20. In or around August 29, 2014, Plaintiff answered one of Defendant's calls and spoke to one of Defendant's collectors.

21. During the aforementioned conversation, Plaintiff told Defendant's collector the debt has been settled and asked that Defendant stop calling her.

22. Despite Plaintiff's dispute, Defendant's collector continued to demand immediate payment of the alleged debt from Plaintiff.

23. Despite Plaintiff's request, Defendant continued to place collection calls to her.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

24. Defendant violated the FDCPA based on the following:

    a. Defendant violated §1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt when Defendant continued to place collection calls to Plaintiff after Plaintiff requested Defendant stop calling him;

    b. Defendant violated §1692d(5) of the FDCPA by causing the telephone to ring repeatedly or continuously with intent to annoy, abuse, or harass any person when Defendant continued to attempt to collect the alleged debt from Plaintiff via collection calls and collection letters after being asked to stop;

    c. Defendant violated §1692e(2)(A) of the FDCPA by using any false, deceptive, or misleading representation or means in connection with the collection of any debt by falsely representing the character, amount, or legal status of any debt, when

    Defendant's collector attempted to collect a debt that has previously been settled;

  d. Defendant violated §1692g(b) of the FDCPA by continuing collection of a debt after the consumer notifies the debt collector that the debt is disputed, when Defendant's collector continued to demand immediate payment from the Plaintiff after Plaintiff disputed the debt with the Defendant's collector.

WHEREFORE, Plaintiff, LOUISA POPE-HUNT, respectfully requests judgment be entered against Defendant, STELLAR RECOVERY, INC. for the following:

25. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

26. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k

27. Any other relief that this Honorable Court deems appropriate.

DATED: March 6, 2015                RESPECTFULLY SUBMITTED,

                                            By: /s/ Samantha A. Jesulaitis
                                                    Samantha A. Jesulaitis
                                                    IL State Bar #: 6318077
                                                    Agruss Law Firm, LLC
                                                    4619 N. Ravenswood Ave.
                                                    Suite 303A
                                                    Chicago, IL 60640
                                                    Tel: 312-224-4695
                                                    Fax: 312-253-4451
                                                    samantha@agrusslawfirm.com
                                                    Attorney for Plaintiff